## GRISSOM v. GRISSOM.

No. 18492.    Opinion Filed July 17, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. Process—Filing Answer and Waiver of Summons—Jurisdiction.

When a petition is filed in the district court and the defendant files an answer and expressly waives the issuance of a summons, the answer confers jurisdiction upon the court without the issuance of a summons.

2. Appeal and Error—Judgment—Setting Aside for Fraud—Insufficiency of Evidence.

In an action to set aside a judgment on the ground that it was procured by fraud and duress, the judgment of the trial court in refusing to set same aside will not be disturbed unless it is against the clear weight of the evidence.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Maud Grissom against John E. F. Grissom. From the judgment, the former appeals. Affirmed.

Wallace & Wallace, for plaintiff in error.

Geo. James and Mark L. Bozarth, for defendant in error.

HEFNER, J. On the 29th day of April, 1926, the plaintiff in error, as plaintiff, brought this suit in the superior court of Okmulgee county against the defendant in error, as defendant. The purpose of the suit was to set aside a decree of divorce granted in favor of the defendant herein against the plaintiff herein in the same court in cause No. 1051 of the 10th day of September, 1923.

The plaintiff's reasons for setting aside the decree are allegations of conspiracy, fraud, threats, and duress in the procurement of the same. The suit which the plaintiff sought to set aside in this case was filed by the defendant herein against the plaintiff herein. No summons was issued in that case but the defendant filed a verified answer therein, and she now contends that her answer failed to confer jurisdiction on the court, and renders all of the proceedings voidable for the reason that she filed said answer under threat, duress, and coercion

Her answer was filed in said cause by L. A. Wallace, an attorney at law. She alleges, however, she did not employ him nor authorize him to appear for her of her own volition, but all her acts and conversations with him were at the dictation of the plaintiff in said suit and the defendant herein.

The allegations of fraud, conspiracy, and duress were specifically denied by the defendant. He also denied that he had anything whatever to do with the employment of L. A. Wallace as her attorney to represent her in the divorce suit, but that she herself employed him, though the defendant, with the approval of the court, paid her said attorney's fee.

In the answer filed by her in the original divorce proceedings, she denied all the allegations in the petition except the allegations as to their marriage and entered her appearance and waived the issuing of summons and time in which to plead and consented that said cause might be tried at once. This answer was subscribed and sworn to by her before C. C. Burrow, a notary public.

On the trial of the case, after the plaintiff had introduced her evidence the defendant demurred thereto and the demurrer was overruled over defendant's exceptions. Thereafter the defendant introduced his evidence and the case was taken under advisement by the trial court and briefed by both sides. Upon a final hearing the trial court found the issues for the defendant and against the plaintiff.

Omitting the formal parts, the finding of the court is as follows:

"The court, after hearing the evidence and the arguments of counsel, finds the issues for the defendant and against the plaintiff. The court further finds no fraud, coercion or duress was practiced on plaintiff by defendant in procuring the decree of divorce of September 10, 1923.

"The court further finds that there is sufficient merit in the plaintiff's cause of action to have justified the bringing of this action to challenge the determination of the court thereon, and that for the bringing of this action it was necessary for the plaintiff to employ an attorney to present her cause and that she employed Wallace & Wallace, attorneys at law, of Sapulpa, Okla., and that such attorneys have adequately represented the plaintiff herein and that their services are reasonably worth the sum of $300, and that the defendant should be required to pay the same as costs of this action.

"It is, therefore, ordered, adjudged and decreed by this court, that the plaintiff take nothing by this action and that the cause be dismissed against the defendant at plaintiff's cost, except the sum of $300 costs for attorney fees for the plaintiff, and it is further ordered that the defendant pay such sum to the clerk of this court for the use and benefit of the attorneys for the plaintiff, named above, to all of which judgment, except the portion of the same calling for attorney fees, the plaintiff excepted and her exceptions were by the court allowed."

The plaintiff urges that the court erred in refusing to make her requested findings of fact numbered from 3 to 16 inclusive. These assignments of error are based upon the matter of the legal effect of the evidence introduced in this case and upon the conclusions of findings of fact and conclusions of law properly to be drawn therefrom. The attorneys for the plaintiff have in a very able manner presented her claims herein, and their contentions are not without merit. The trial court, however, after a very careful consideration, found the facts against the plaintiff and in favor of the defendant, and found that there was no fraud, coercion or duress practiced by the defendant in procuring the decree of divorce in 1923. We have very carefully read all of the evidence in this case, and have given careful consideration thereto, and from all the evidence we have concluded that the court was justified in making its findings of fact.

The plaintiff says she was intimidated into filing an answer in the divorce proceedings in 1923, and into refraining from defending her rights in the action. The trial court found there was no coercion nor duress brought to bear upon plaintiff in that action, and after reading the evidence, we think the evidence was sufficient to sustain the court in making that finding.

Error is assigned because the trial court refused to find that the court was without jurisdiction of the original cause of action in 1923 because no summons was ever issued therein. It is true that no summons was issued. The defendant, however, filed an answer in said cause wherein she expressly waived the issuance of a summons. The trial court found that no coercion or duress was brought to bear upon her in the filing of her answer. The evidence is sufficient to sustain this finding. When the answer was filed, it gave the court jurisdiction.

The plaintiff also challenges the action of the court in overruling her motion for a new trial and in not rendering judgment for her upon the evidence for the reason that the evidence was insufficient to support the findings of fact and judgment of the court in favor of the defendant and against the plaintiff.

This assignment is designated to challenge the sufficiency of the evidence to sustain the judgment of the court. This again raises the sufficiency of the evidence to sustain the charge of fraud and duress on the part of the defendant in procuring the divorce in 1923. The trial court seriously considered this matter. At the close of the testimony the statement of the court was as follows:

"Gentlemen, I am not exactly satisfied in this case, or what I should do about it. It is a peculiar case—the turn it has taken is more or less peculiar. I cannot make up my mind that this is exactly a case of collusion, but it borders on, and gets mighty close to it."

The evidence in this case impresses this court just as it did the trial court. It is a peculiar case. The above statement was made by the court at the conclusion of the evidence. Both parties thereafter briefed the case. Judgment was not rendered for some time. The trial court evidently gave the evidence a most careful and painstaking consideration, and after this thoughtful consideration it finally came to the conclusion that there was neither fraud nor duress practiced upon the plaintiff in the procurement of the original divorce in 1923. After a careful consideration of all the facts, we think the trial court was justified in making its findings of fact and conclusions of law.

The judgment is affirmed.

LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1335, §28. (2) 4 C. J. p. 885, §2855.